# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AUBREY EDMONDS,

                Plaintiff,    :    Case No. 3:16-cv-416

                                                  District Judge Thomas M. Rose
  - vs -                                 Magistrate Judge Michael R. Merz

DEPARTMENT OF VETERANS AFFAIRS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS; ORDER TO CLERK

    This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).  In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).  Filing an *in forma pauperis* application tolls the statute of limitations.  *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

Plaintiff seeks to recover damages in the amount of $450 million from the United States by virtue of wrongs done to her by various persons in the Department of Veterans Affairs.  She claims a number of acts of medical, dental, and psychiatric malpractice, as well as fraud.  The United States as an entity is immune from liability except insofar as it has consented to be sued.

Under the traditional doctrine of sovereign immunity, the United States may not be sued without its consent.  *Hercules, Inc., v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981).  A waiver of sovereign immunity must be unequivocally expressed in statutory text by Congress.  *FAA v. Cooper*, 566 U.S. ___, 132 S. Ct. 1441, 182 L. Ed. 2d 497  (2012), citing, e.g., *Lane v. Pena*, 518 U.S. 187 (1996).  Any ambiguities are to be construed in favor of immunity.  *United States v. Williams*, 514 U.S. 527 (1995).  While Congress has waived sovereign immunity for some of the wrongful acts of its employees, this has been done in the Federal Tort Claims Act and Plaintiff makes no mention of every having filed a claim under that Act.

Accordingly, it appears to the Magistrate Judge that Plaintiff has attempted to sue the United States, an entity entitled to sovereign immunity, without showing an exception to that immunity by way of Congressional waiver.  It is therefore respectfully recommended that the Complaint be dismissed without prejudice to re-filing if Plaintiff can show an exception to sovereign immunity.

**Order to the Clerk:**

1.Do not issue process in this case without further court order.

2.Delivered a copy of the Complaint and this Report to Assistant United States Attorney Laura Clemmons.

September 30, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).